Randy A. SMITH, Plaintiff,

v.

**MILLER BREWING COMPANY HEALTH BENEFITS PROGRAM, Defendant.**

Civ. A. No. 92–264–3–MAC(DF).

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 1, 1994.

🔑143

Kenneth B. Hodges, III, John A. Howard, Atlanta, GA, for plaintiff.

William A. Clineburg, Jr., Michael Johnston, Atlanta, GA, for defendant.

## ORDER

FITZPATRICK, District Judge.

Plaintiff has renewed his motion for attorneys fees in the wake of the agreement of the parties to dismiss Defendant's appeal. Defendant opposes the award of any attorneys' fees, but has not contested the amount of the fee requested. After careful consideration, the court shall enter the following Order.

■ There are generally five factors that must be satisfied before an award of attorneys' fees is appropriate. As correctly stated by Plaintiff and Defendant, these are:

(1) The degree of the opposing party's culpability or bad faith;

(2) The ability of the opposing party to satisfy an award of attorneys' fees;

(3) Whether an award of attorneys' fees against the opposing party would deter

other persons acting under similar circumstances;

(4) Whether the party requesting the award sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and

(5) The relative merits of the parties positions.

*Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255 (5th Cir.1980). The award of attorneys fees is left to the sound discretion of the district court. *Bowen,* 624 F.2d at 1266. Unlike some other fee shifting statutes, there is no presumption in ERISA that the prevailing party will receive an award of attorneys' fees. *Freeman v. Continental Insurance Co.,* 996 F.2d 1116, 1119 (11th Cir.1993). Additionally, no single factor is controlling and the district court must carefully weigh all of the facts and circumstances in deciding whether to make an award of attorneys' fees. *Nachwalter v. Christie,* 805 F.2d 956, 961–62 (11th Cir.1986).

■ The court concludes that an award of attorneys' fees in this case is appropriate. The court finds the first factor satisfied in Plaintiff's favor only by the barest minimum. As the court noted in its earlier Order on summary judgment, this is a close question. Both sides had equally valid reasons for advancing its reading of the phrase "to age 19." Where the court finds culpability is in Defendants rejection, without any prior notice, of the explanations contained in the correspondence announcing an impending change in the coverage of dependent children. All of that correspondence alerted participants that the age of coverage of the minor child would be reduced. The letters contained no information that the minor child would no longer be covered the second the clock struck midnight of the dependant's 19th birthday.

The court also finds the second factor in Plaintiff's favor. There can be little doubt that Miller Brewing Company could satisfy an award of attorneys' fees just over $35,000.

The third factor must go in favor of Defendant. It is far from clear that there will be any deterrent effect of an award of attorneys' fees. In fact, the overriding remedial pur-

pose of ERISA encourages parties to seek judicial resolution of disputes over the terms of benefit and welfare plans. Miller's arguments, though ultimately unpersuasive, were not wholly without merit.

■ The fourth factor favors Plaintiff in this case. Once the dispute arose concerning Plaintiff's coverage by the Plan, Miller changed the language of the Plan to make its intent more certain.[1] The court finds that the change in the Plan language was motivated, at least in part, by the filing of this lawsuit. As a result of that fact, this lawsuit did benefit all Plan participants by forcing Miller to clarify its Plan.

Finally, the court finds the fifth factor in favor of Plaintiff. Defendant argues that the court should not find this factor in his favor simply because Plaintiff prevailed. Defendant's argument on this point more properly addresses the issue of bad faith. It appears that the *Bowen* court created this fifth factor as a sort of "tie-breaker" or means of determining especially close cases. In this case, the court has already determined the Plaintiff successfully satisfies three out of four of the previous factors. The fact that Plaintiff did ultimately prevail is especially relevant to the discussion of the fifth factor. *National Companies Health Plan v. St. Joseph's Hospital,* 929 F.2d 1558, 1576 (11th Cir.1991).

■ However, just because Plaintiff prevailed in the interpretation of the contract, does not mean that he is entitled to 100% of the credit under the fifth factor. The court concludes that this element is especially helpful in determining the amount of the fees to be awarded. Especially in cases such as this one where the decision to award of attorneys fees at all is a close question, the relative merits of the parties is essential to a just resolution of the motion.

■ The starting point for evaluating an award of attorneys' fees is the time reasonably spent multiplied by the hourly rate charged. *Loranger v. Stierheim,* 3 F.3d 356 (11th Cir.1993). This calculation is usually referred to as the "lodestar." Once the lodestar is calculated, the court must then consider whether any reduction in the amount is warranted by the particular facts of the case.

Plaintiff's counsel has provided the court with a detailed accounting of the work of each attorney on the case with the hourly fee charged by that attorney. The court finds the time expended and the rates charged reasonable.[2] Counsel's own accounting results in a total fee of $30,346.50. In addition, counsel has advanced his client certain expenses in the ordinary course of the litigation. These expenses total $4,641.99. The total of the fees and expenses is $35,184.74.

■ Plaintiff's counsel argues that the court should make no downward adjustment in this matter. He argues that the fee charged in this matter has already been discounted by over $20,000 due to the agreement to dismiss the appeal. Though interesting, this argument is not persuasive. Plaintiff's counsel agreed to not seek fee shifting for any attorney time spent after the litigation in this court ended. In exchange, Defendant agreed to dismiss its appeal and to pay the judgment entered by this court. Counsel admirably put his clients interest ahead of his own. This compromise, however, does not eliminate the court's need to evaluate the amount of the attorneys' fees ultimately to be awarded in light of the relative merits of the positions of the parties.

As the court has said repeatedly, this is a close case. As such, the court feels obligated out of fairness to take the relative merits of the parties into consideration in its award of fees. The court concludes that an attorneys' fees award of $20,000 accurately reflects the

1. Subsequent remedial measures are not generally admissible in evidence, Fed.R.Evid. 407; however, when the dispute concerns the terms of a contract, changes in the language that make the intent of the drafter clearer, the court should consider that change in evaluating the disputed term.

2. The court notes, however, that the fee charged by Mr. Howard is above the upper limit imposed by this court in civil rights cases in this district. However, since Defendant has not challenged the rate, and because both firms are located in Atlanta (where fees are generally much higher), the court will accept the rates charge in this case. The court explicitly limits its acceptance of these rates to this case only.

relative merits of the parties' positions. Plaintiff sought a total of $35,184.74 in fees and expenses. The actual award of $20,000 reflects the court's judgment that his position was favored by about 55% over Defendant's position.

The fee awarded also represents the court's judgment of the closeness of the question presented by the instant motion. It is by no means certain that any award of fees is appropriate in this matter. The court, in its discretion, has concluded that an award should be made; but it has also concluded that fairness and justice requires a reduction in the amount of the fee Plaintiff sought.

Accordingly, Plaintiff's renewed motion for fees is **GRANTED.** Defendant shall pay $20,000 in accordance with this Order.

SO ORDERED.